UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

GLORIA HOFFMAN and NOEMI GUZMAN,

               Plaintiffs,

           - against -

ACCENT CARE, INC. and ALLIANCE FOR
HEALTH, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2013-5592 (ARR)(MDG)

    The parties have moved for a proposed protective order of confidentiality to protect certain information that may be produced in discovery and submitted a proposed stipulated protective order (the "Proposed Protective Order"). <u>See</u> ct. doc. 17. This Court finds, given the nature of the claims asserted herein, that certain documents produced in discovery may contain confidential private information for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted. Accordingly, this Court orders as follows:

    1. The Protective Order, to which the parties have stipulated and which is annexed hereto as Exhibit 1, is approved and incorporated herein, except as modified below.

    2. Notwithstanding the agreement among the parties, no party may designate as "Confidential and Protected Matter" documents that are not entitled to confidential treatment under

applicable legal principles. In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as Confidential. Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

3. Nothing in this Order is intended to diminish the protections afforded Protected Health Information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA") and 45 C.F.R. § 164.512(e). The defendants must redact from any document to be produced which contains PHI all identifiable health information. However, if an unredacted document containing identifiable health information is produced, the information shall be deemed Confidential and Protected Matter. To the extent a party possesses or receives any unredacted documents containing PHI, all identifiable health information must be redacted from all documents prior to their use as authorized under paragraph "6" of the Proposed Protective Order.

4. Paragraph 12 of the Proposed Protective Order is modified as to documents containing health information protected by HIPAA. Upon termination of this litigation, all such materials must be either destroyed or returned to the provider of the medical service generating the document.

5. The parties must use best efforts to minimize the number and extent of documents filed under seal. Prior to seeking leave to file a document containing Confidential and Protected Matter under seal, a party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to the filing and whether redaction of the confidential information may eliminate the need for sealing the document. If the information that is confidential is not relevant to the filing and there is no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted. If the parties intend to file documents that include Confidential and Protected Matter in connection with a motion, they must, if possible, propose a schedule for briefing of a motion which includes a short delay in filing submissions so the parties will have time to confer on minimizing the volume of documents that a party will seek to file under seal or to avoid having to file a motion to seal.

6. If the information that is confidential is relevant to the filing, the document containing such information may be filed under seal, with the following limitations:

    a. If the document containing Confidential and Protected Matter is a document prepared or caused to be prepared by a party for this litigation, such as an affidavit, memorandum

of law or deposition transcript, the parties must publicly file the document with the Confidential and Protected Matter redacted.

      b.  If the Confidential and Protected Matter constitutes a small portion of a document, the parties must publicly file the document with the Confidential Information redacted.

    7.  The parties are advised that if they seek to seal documents such as dispositive motions or trial materials, the Court may revisit this protective order in order to tailor more narrowly the appropriate scope of sealing and redacting of information in order to protect the right of the public to inspect judicial documents under both the First Amendment and under common law.

    8.  The parties must comply with procedures of the Clerk's Office and this Court's Chambers Rules as to documents to be filed under seal.[1]  This process requires that a party seeking to seal a document must first file a Motion for Leave to e-file a sealed document, with the proposed sealed documents attached to the motion.  The ECF system will notify the party when the motion is granted and provide instructions for filing the sealed document, using both the appropriate event for the motion and the

---

[1] The Clerk's instructions for electronically filing sealed documents are available on the Court's website at: https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf.

sealed document event.  If leave to file under seal is granted and if the document contains relevant information that is not confidential, the filing party will be required to file publicly a copy of the sealed document with the confidential information redacted.

9.  The parties should make best efforts to file sealed documents electronically.  If a party has to file a hard copy, any such submission must be accompanied by a cover sheet in accordance with the form "Notice Regarding the filing of Exhibits in Paper Form," in the CM/ECF User's Guide.  The Notice must also be filed electronically.  Any sealing envelope should clearly describe the document to be sealed and identify the document number on the docket sheet that corresponds to such sealed document.  Each envelope submitted for sealing may contain only one document or portions of one filing (such as multiple exhibits annexed to a document filed).

10.  A party submitting a document under seal or filing a document with redacted information must provide the District Judge and/or Magistrate Judge to be handling the application or motion at issue with a complete and un-redacted copy of the submission that is marked to indicate that the document is filed under seal, if applicable, and what portions of the submission are confidential.  The first page of the document must clearly

indicate that the document or portions thereof are filed under seal or with redactions and the assigned ECF document number.

**SO ORDERED.**

Dated:    Brooklyn, New York
           May 20, 2014

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE